IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:14-00050-01

KENNETH DEWITT NEWMAN
    also known as "K-Kutta"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Kenneth Dewitt Newman's Motion to Withdraw the Plea Agreement (ECF 463). Also pending before the Court is the Government's Motion to Set Aside the Plea Agreement (ECF 350). For the following reasons, the Court **DENIES** Defendant's Motion to Withdraw the Plea Agreement (ECF 463) and **GRANTS** the Government's Motion to Set Aside the Plea Agreement (ECF 350).

**I.    FACTS**

On May 27, 2014, Defendant pleaded guilty to knowingly and intentionally possessing with intent to distribute quantities of cocaine and oxycodone, both Schedule II controlled substances, and quantities of heroin, MDMA, and marijuana, all Schedule I controlled substances, in violation of 21 U.S.C. § 841(a)(1). ECF No. 228, ECF No. 329. The plea agreement promised dismissal of the other twenty-two counts on which Defendant was indicted. ECF No. 330. Section 6 of the plea agreement, regarding cooperation, states: "Mr. Newman will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States." ECF No. 330. Section 9 states that

Defendant stipulates to the outlined Stipulation of Facts and agrees that, if the plea agreement is voided as a result of breach of its terms and Defendant is tried on any of the charges in the indictment, the government may use the Stipulation of Facts as evidence at trial. ECF No. 330. The Stipulation of Facts outlines Defendant's offense conduct, stating that DEA agents searched Defendant's residence and seized "dealer amounts of cocaine" and other amounts of oxycodone, heroin, MDMA, and marijuana. ECF No. 330. The stipulation further states that Defendant intended to sell some of the drugs seized. The stipulation also includes relevant conduct. ECF No. 330. This section states that Defendant sold cocaine and other controlled substances from his home from 2010 through January, 2014, and that the drug weight for which Defendant is responsible "is at least 400 but less than 700 Kilograms of marijuana equivalency." ECF No. 330. The stipulation concludes by noting that it does not contain all facts known to the parties and is set forth to establish a factual basis for Defendant's plea. ECF No. 330. Additionally, section 14 of the agreement states "[i]f either the United States or Mr. Newman violates the terms of this agreement, the other party will have the right to void this agreement." ECF No. 330. Finally, the agreement includes an acknowledgement, which Defendant signed. ECF No. 330. It states:

> I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

ECF No. 330.

At his plea hearing on May 27, 2014, Defendant appeared before the court and pleaded guilty. ECF No. 335. At this hearing, Defendant responded "yes" when asked whether he was

-3-

satisfied with his attorney's legal advice, whether he had enough time to investigate and discuss his case with his attorney, whether he understood what the agreement required of him, and whether he went over each paragraph in the plea agreement with his attorney. ECF No. 335. He responded "no" when asked whether anyone promised or told him anything different from what was discussed in court to get him to plead and whether he had any questions or second thoughts about pleading guilty. ECF No. 335.

On June 27, 2014 the Government filed a motion to set aside the plea agreement, claiming that Defendant materially breached the agreement by failing to cooperate. ECF 350. Defendant responded to this motion, arguing that the agreement should not be set aside or, alternatively, that the defendant should be permitted to withdraw from the plea agreement. ECF 442. Then, on August 15, 2014, Defendant filed a motion to withdraw his guilty plea and withdraw from the plea agreement. ECF 463. In his motion, Defendant alleges that, when he entered into the plea agreement, he "understood that any requested cooperation was limited to inquiry as to his own conduct and not conduct of others." ECF 463. He states that, had he known that he was required to supply information about other individuals, he would not have entered into the plea agreement. In addition, Defendant argues that he did not "have a full understanding of the facts of this case." ECF 463. He states that he was confused about several issues during the Rule 11 plea hearing and contends that he did not have "a full and fair opportunity to review the discovery and compare items among each other." Finally, Defendant argues that withdrawal of his plea would neither prejudice the government nor burden the court because a trial date is already set for other defendants in this case.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 11 provides, in pertinent part, "[a]defendant may withdraw a plea of guilty. . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d).   The defendant has the burden of showing he has a fair and just reason.   See *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).   "There is no absolute right to withdraw a guilty plea."   *Id.*

The Fourth Circuit has set out a non-exclusive six factor test to help determine whether there is a fair and just reason for withdrawal of a plea:

> (1) [W]hether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The Fourth Circuit subsequently elaborated on how these factors are to be weighed:

> [T]here is no reason to think that *Moore*'s six factors are all of equal weight. . . . Because it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 can be presumed final, *see Lambey*, 974 F.2d at 1394–95, it is the defendant's burden to demonstrate that she should be permitted to withdraw her plea.  *Moore*, 931 F.2d at 248.   The factors that speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing her plea are the first, second, and fourth. In contrast, the third, fifth, and sixth factors are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case.

*United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).   In applying these six factors, the Fourth Circuit has emphasized that the defendant bears a significant burden.   This is particularly true where a thorough Rule 11 colloquy has taken place:

-4-

> [A] "fair and just" reason for withdrawing a plea is one that essentially challenges either the fairness of the Rule 11 proceeding wherein the defendant tendered, and the court accepted, the plea or the fulfillment of a promise or condition emanating from the proceeding. What happens or is told the defendant before the hearing and induces the defendant not to change his plea at the hearing may be relevant . . . . If, however, at the Rule 11 hearing, the court specifically warns the defendant of possible results different from those he anticipated because of the prior event or advice, then the defendant bears a heavy burden when attempting to demonstrate that the prior event or advice should form the basis of a fair and just reason for a later withdrawal of his plea. If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding.

*United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). The Fourth Circuit has identified the Rule 11 colloquy as "[t]he most important consideration in resolving a motion to withdraw a guilty plea. . . . [A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *United States v. Bowman*, 348 F.3d 408, 413–14 (4th Cir. 2003) (citing *United States v. Wilson*, 81 F.3d 1300, 1307 (4th Cir.1996)).

The Fourth Circuit's application of the *Moore* factors reflects the importance of the Rule 11 colloquy. With regards the first factor—whether the defendant's plea was entered knowingly and voluntarily—the courts are reluctant to grant withdrawal if a defendant states at his Rule 11 proceeding that he understands the nature of his plea agreement and then later claims that his plea was not knowing and voluntary. In *United States v. Faris*, 388 F.3d 452, 454 (4th Cir. 2004), for example, the defendant pled guilty to providing material support to a foreign terrorist organization. Mr. Faris later sought to withdraw his plea, arguing, *inter alia*, that his plea was involuntary because the government threatened to send him to the Guantanamo Bay detention facility. *Id.* at 457. The Fourth Circuit held that Faris had entered his plea voluntarily for two reasons. *Id.* First, Faris stated in his plea agreement that no threats had been made against him. *Id.* Second, "[e]very guilty plea necessarily entails a choice among distasteful options. For this reason, courts have held that a guilty plea is not rendered involuntary merely because it was entered to avoid

harsh alternatives." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 749–50, 755 (1970)). Likewise, in *United States v. Lambey*, the defendant claimed that discussions with his attorney prior to entering his plea led him to believe he would receive a shorter sentence than the one he ultimately received. *Lambey*, 974 F.2d at 1394. The court held that the district court did not err in denying Mr. Lambey's motion to withdraw his plea because the attorney only provided "estimates" and the court properly notified Mr. Lambey of his potential sentence during the Rule 11 proceeding. *See id.* at 1396; *see also United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) ("The trial court satisfied itself as to the factual basis for the plea, and assured itself that appellant understood the indictment against him. The court considered the education, intelligence and sophistication of the appellant . . . . Appellant's later claim that he did not have the requisite intent for money laundering is not sufficient to set aside the plea.").

Defendants have been successful in arguing that their pleas were not knowing or not voluntary where there was a defect in the Rule 11 proceeding itself. Rule 11 requires the court to find both that the defendant understands the nature and consequences of the plea and that there is a factual basis for the plea. *Wilson*, 81 F.3d at 1307. Where the district court fails to find, or erroneously finds, either of these facts, the defendant's plea may be considered unknowing or involuntary. In *United States v. Damon*, 191 F.3d 561, 562 (4th Cir. 1999), the defendant told the court during his Rule 11 proceeding that "he was under the influence of an antidepressant drug." The court accepted Mr. Damon's plea without questioning him about the effect of the drug. *Id.* The Fourth Circuit held that the district court erred by not inquiring about the potential effect of the drug on Mr. Damon's ability to make a voluntary plea. *Id.* at 565. Similarly, in *United States v. Hairston*, 522 F.3d 336, 338 (4th Cir. 2008), the defendant signed a plea agreement which set forth a minimum sentence of thirty years. The thirty year sentence was also discussed at his Rule 11

-6-

proceeding. *Id.* The probation officer later determined that Mr. Hairston should be sentenced as an armed career criminal, which increased his minimum sentence to forty-five years. *Id.* Mr. Hairston did not move to withdraw his plea after sentencing, but on appeal the Fourth Circuit held that the plea should be vacated because the court was required by Rule 11 "to anticipate the possibility and explain to Hairston the sentence that would be applicable if" he was found to be an armed career criminal. *Id.* at 340; *see also United States v. Goins*, 51 F.3d 400, 404-05 (4th Cir. 1995) (holding district court erred where "neither the judge, prosecutor, nor defense attorney" informed defendant of the applicable mandatory minimum at the Rule 11 proceeding).

As with the first factor, in evaluating arguments under the fourth *Moore* factor—whether the defendant received close assistance of competent counsel— the courts place significant weight on the defendant's statements during the Rule 11 proceeding. "To prevail on this factor, [the defendant] must demonstrate '(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" *Bowman*, 348 F.3d at 416 (quoting *United States v. DeFreitas*, 865 F.2d 80, 82 (4th Cir.1989)). The defendant bears the burden of showing "a reasonable probability that if his attorney had given him accurate information, he would have rejected the plea agreement." *Moultrie v. United States*, 147 F. Supp. 2d 405, 410 (D.S.C. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1975).

In *United States v. Bowman*, Mr. Bowman pled guilty to distributing a controlled substance that caused the death of another person. *Bowman*, 348 F.3d at 411. At his Rule 11 proceeding, Mr. Bowman stated that he had no complaints about his attorney, who was "working hand in hand with" him. *Id*. Mr. Bowman later learned that the toxicology report on his alleged victim was negative for the drugs he was accused of distributing. *Id.* at 412. He moved to withdraw his

guilty plea, arguing that his attorney wrongly advised him to accept the plea. *Id.* The trial court denied his motion and the Fourth Circuit affirmed, noting that Mr. Bowman conceded that his attorney explained the toxicology report to him, the government explained why the drugs were not expected to show up on the report, and the government had other evidence of Bowman's guilt. *Id.* at 413. Accordingly, Mr. Bowman could not demonstrate that his counsel's performance was unreasonable. *Id.* at 417. *See also Ubakanma*, 215 F.3d at 425 (holding that defendant could not withdraw plea based on attorney's actions where attorney negotiated for him aggressively and that defendant's "conclusory claims" that he was "'intimidated' into pleading guilty" could not overcome earlier sworn testimony "that he was not coerced").

If a defendant does establish that his attorney's actions were unreasonable, the defendant still faces the difficult task of showing that, but for the attorney's unreasonable actions, the defendant would not have pleaded guilty. *Bowman*, 348 F.3d at 416. This is a significant burden to overcome, as factors other than an attorney's advice can contribute to a defendant's decision to plead guilty. See *United States v. Craig*, 985 F.2d 175, 180 (4th Cir. 1993) (explaining that even though attorney's performance fell below professional standard, defendant entered plea based on information from sentencing court and knowledge of basis for charges against him).

Even where a plea cannot be withdrawn, the plea agreement itself may still be set aside. The interpretation of plea agreements is based in contract law. *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009). Each party should "receive the benefit of its bargain." *Id.* (quoting *United States v. Peglera*, 33 F.3d 412, 413 (4th Cir. 1994)). Thus, a material breach occurs when one party does not receive a benefit promised to it under the agreement. *See United States v. Scruggs*, 356 F.3d 539, 543 (4th Cir. 2004), *cert. denied*, 541 U.S. 1079 (2004) (holding that defendant breached plea agreement when he failed to cooperate with government, as cooperation

was a benefit for which the United States negotiated). The burden of proving such a breach is on the party asserting the breach. *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). A defendant's breach of his plea agreement "relieves the government of its obligation to conform to the agreement's terms even when defendant has relied to his substantial detriment by, for example, entering his guilty plea, subjecting himself to conviction, and beginning service of the sentence." *United States v. West*, 2 F.3d 66, 70 (4th Cir. 1993).

Furthermore, breach of the plea agreement does not give the defendant the absolute right to withdraw his guilty plea. *See United States v. Huang*, 178 F.3d 184, 189 (3rd Cir. 1999) ("The defendant presents the remarkable proposition that when the Government refuses to move for a downward departure . . . because the defendant has not performed under his plea agreement, he should be permitted to withdraw his guilty plea. This would reward the defendant for his breach . . . and turn the entire sentencing process in the nation into chaos.").

### III.   DISCUSSION

In his motion to withdraw his plea, Defendant appears to rely primarily on the first *Moore* factor, and, indirectly, on the fourth factor. He claims that his plea was not entered knowingly because, had he known that he was required to provide information about other individuals, "he would not have gone forward" with the plea. ECF 463. He has not claimed that anyone misled him on this point during the Rule 11 proceeding. He has not claimed that a mistake was made during the proceeding or that the Court erroneously found a factual basis for the plea. The only specific evidence he uses to support this argument is that the plea agreement "does not provide detail against whom cooperation must be provided." ECF 463. Defendant's claim that he did not understand the agreement is insufficient to overcome the sworn statements that he made during his Rule 11 proceeding, where he acknowledged that he understood what was required of him

under the plea agreement and that he went over each paragraph of the agreement with his attorney. ECF 335. As the Fourth Circuit explained in *United States v. Wilson* and *United States v. Lambey*, unsupported complaints after a guilty plea has been entered are not enough to overcome the sworn statements made by the defendant at his Rule11 proceeding. *See Wilson*, 81 F.3d at 1308; *Lambey*, 974 F.2d at 1394. This is particularly true where, as here, the Court conducted a thorough Rule 11 plea colloquy to ensure that Defendant understood his rights and responsibilities under the plea agreement. Moreover, the cooperation paragraph in the agreement is plain and unambiguous, requiring Defendant to "be forthright and truthful" with the government "with regard to all inquiries." ECF No. 330. It reflects standard plea agreement language familiar to his counsel at the time—an experienced CJA panel member—and clearly states that Defendant may be required to provide grand jury or trial testimony. Given that Defendant has already entered a stipulation regarding his own conduct, such testimony would necessarily be about other individuals. Defendant thus has not presented credible evidence that he did not understand the cooperation provision of his plea agreement.

Defendant further argues that he did not fully comprehend the facts of his case when he entered into the plea agreement. He contends that time constraints imposed by the government caused him to enter his plea before adequately evaluating all of the evidence. This contradicts his statement at the Rule 11 proceeding, in which he responded "yes" when asked if he had enough time to discuss and investigate this case. ECF No. 335. Furthermore, the government is permitted to put a deadline on its plea offer and need not furnish all potential evidence before the defendant signs the plea agreement. Defendant was also told at the Rule 11 proceeding that one effect of a guilty plea is that the government does not need to put on any evidence to prove his

illegal conduct. Thus, Defendant's claim that he did not have all of the government's evidence before him when he decided to plead guilty does not warrant withdrawal of his plea.

Additionally, Defendant points to moments during the Rule 11 proceeding where he and his attorney conferred privately to support his assertion that he was confused during the proceeding. ECF 463. After each of these sidebars, however, the Court asked Defendant whether he understood and he repeatedly responded that he did. ECF No. 335. He does not now argue that he was coerced into making those statements and does not claim that he lied during the Rule 11 proceeding. Furthermore, Defendant and his attorney did not engage in any private discussion immediately after the attorney explained the cooperation provision of the plea agreement. ECF No. 335.

Defendant also appears to argue that he received ineffective assistance of counsel, albeit indirectly. He claims that he "apparently did not have the same understanding as counsel" as to "whether the proposed plea agreement included possession with intent to distribute multiple drugs or simply a single drug." ECF 463. However, Defendant also states that the Court "concluded in clarification that the intent was only a single drug." ECF 463. He thus concedes that his confusion was clarified during the course of the Rule 11 proceeding. Aside from this specific instance, Defendant does not set out any examples demonstrating that his attorney's performance fell below a reasonable standard. Furthermore, he does not argue that, but for his attorney's actions, he would not have entered his guilty plea.

Finally, Defendant asserts, regarding the fifth and sixth *Moore* factors, that the government will not be prejudiced and the court will not be burdened by the withdrawal of his guilty plea because a trial date has already been set for other defendants in this case. Although this argument may be valid, these factors are additional considerations that can tip the scales for or against

withdrawal of a plea. *Sparks*, 67 F.3d at 1154. Alone, they do not determine whether a guilty plea should be withdrawn. *See id.* Considering all of the relevant *Moore* factors, Defendant's conclusory complaints that he did not understand the cooperation agreement and did not have time to review the government's evidence do not establish "a fair and just reason" to withdraw his guilty plea.

In his plea agreement, Defendant agreed to "be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States." ECF No. 330. Defendant subsequently failed to furnish complete information to the government and stated that he would not provide information about other individuals. ECF 350. Like the defendant in *United States v. Scruggs*, Mr. Newman has deprived the government of a benefit of the plea agreement. As the court stated in *Scruggs*: "the United States bargained for complete and truthful cooperation so that it could make its decisions in perspective of that truthful and complete cooperation, and what it was deprived of was the right and the benefit to do precisely that." *Scruggs*, 356 F.3d at 544. Accordingly, Defendant has breached the terms of his plea agreement and has relieved the government of its duty to act in accordance with that agreement.

## CONCLUSION

The Court therefore **DENIES** Defendant's Motion to Withdraw the Plea Agreement (ECF 463) and **GRANTS** the Government's Motion to Set Aside the Plea Agreement (ECF 350). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER: September 10, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE