IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

UNITED STATES OF AMERICA

    v.                                                      CRIMINAL ACTION NO. 3:14-00225
                                                           CRIMINAL ACTION NO. 3:14-00050

KENNETH DEWITT NEWMAN
        also known as "K-Kutta"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Kenneth Newman's Motion for Compassionate Release.[1] The Court previously directed the United States to file a response to the motion and attach any medical records related to Defendant's claim on or before May 5, 2021. The Government timely submitted its response. The dispute is now ripe for review.

On May 27, 2014, Defendant pleaded guilty to Count Thirty-Eight of the Superseding Indictment in Case No. 3:14-cr-00050 through a plea agreement, which included a stipulation to the drug weight attributed to the Defendant. ECF 327. After the Court granted the Government's motion to withdraw the plea agreement based on Newman's lack of cooperation (Case No. 3:14-cr-00050, ECF No. 504), the Government filed a Second Superseding Indictment and a single-count Information against him in Case No. 3-14-cr-00225, ECF No. 1. On October 23, 2014, Newman entered a plea agreement and pleaded guilty to possessing a firearm in furtherance of a drug trafficking crime. Case No. 3-14-cr-00225, ECF 10.

---

[1] Mr. Newman has filed the motion in both of his criminal cases. Criminal Action No. 3:14-225, ECF No. 36; Criminal Action No. 3:14-50, ECF No. 903.

At Newman's sentencing hearing, the Court denied Newman's objections to the presentence report and adopted the presentence report. The Court granted Newman's motion for a variance, and ultimately sentenced him to 60 months imprisonment as to Count Thirty-Eight of the Superseding Indictment in Case No. 3:14-cr-00050, and a consecutive 60 months as to the single count Information in Case No. 3:14-cr-225, with 5 years of supervised release. Defendant is currently serving his sentence at FCI Loretto and is projected to be released on October 23, 2022.

On February 9, 2021, Newman requested compassionate release from the warden at FCI Loretto, and the warden denied this request. Newman then submitted the instant Motion, asserting that there are extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) on four grounds, including: (1) the spread of COVID-19 in FCI Loretto, (2) unfair denial of relief under the CARES Act due to his conviction under 18 USC § 942 (c)(1)(A), (3) inaccurate drug weight used to calculate the sentencing guidelines, and (4) his rehabilitative efforts and a need for mental health treatment.

At the outset, the Court rejects Newman's first and second arguments. Newman admits that he has been fully vaccinated for COVID-19, which means that he poses a low risk of infection and serious complications from that virus. Accordingly, there are not extraordinary or compelling reasons for release under the CARES Act or § 3582(c)(1)(A) on those grounds.

As to the remaining claims regarding drug weight and Newman's rehabilitative efforts, the Court finds that these are not sufficient grounds for release. Newman asserts that he should not have been held "accountable for Marshall Graves['] drug weights," because Graves denied receiving drugs from Newman, and was not convicted as part of Newman's drug trafficking organization. Newman also argues that Graves distributing crack cocaine, which Newman denies distributing. Def.'s Mot. 16, Case No. 3:14-cr00050, ECF 903; Case No. 3:14-cr-00225, ECF 36.

However, Defendant forfeited this argument at his sentencing hearing. In calculating the marijuana equivalency drug weight under the sentencing guidelines, the Court relied on the drug quantities provided within the presentencing report, which included the quantities seized from Graves. Defendant withdrew his objections to the drug quantities in the presentencing report:

> THE COURT: All right. So just to be clear, then, the defendant no longer objects to the drug quantity determined by the presentence report.
>
> MR. MCGHEE: Yes, Your Honor.

Case No. 3:14-cr-00225, ECF No. 26.

Instead, Defendant requested a variance based on the sentencing guidelines' discrepancy between crack cocaine and cocaine powder, which the Court granted. The Court adopted an offense level of 24 based on Defendant's calculation of the drug weight:

> So if I take the crack cocaine and refigure the marijuana equivalency of it, I would treat it as powder cocaine, and I think [Defendant's counsel's] math is right, that if we do that, that reduces the drug quantity from 528 kilograms of marijuana equivalency, whatever it was in the presentence report, to an amount below 400.

Case No. 3:14-225, *Appeal Transcript* ECF No. 26. In reaching this conclusion, the Court noted that the Government and Defendant agreed that the lab reports showed that Newman distributed crack cocaine, despite his belief that the actual substance was cocaine powder. Given that the Court adopted Defendant's drug weight calculation at the sentencing hearing, the Court rejects his argument now that the Court's calculation was erroneous.

Moreover, even if the Court were to accept Newman's assertion that the controlled substances seized from Graves' residence were wrongfully attributed to him, that would not change his sentencing guideline calculation. As noted above, the Court adopted the Defendant's calculation of the drug weight, which his sentencing memorandum identified as 387.576 kilograms. Even if the Court subtracted the 140 kilograms associated with Graves, the applicable drug weight is between 100 and 400 kilograms, which results an offense level of 24—the same offense level the Court adopted. Therefore, no relief is warranted on those grounds.

Lastly, the Court commends Mr. Newman on his positive rehabilitation efforts, which he has represented as including writing nonfiction, fiction, and children's books, drafting movie scripts, and painting. He has also earned credit for several classes in finance and business, as well as a fork lifters' license. However, the Court does not find that these rehabilitative efforts are grounds for a reduction in his incarceration or supervised release sentences. As such, the Court **DENIES** the Motion for Compassionate Release (Case No. 3:14-225, ECF No. 36; Case No. 3:14-50, ECF No. 903).

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: May 11, 2021

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE